675 So.2d 1161 (1996)
Steven E. and Joyce Ray JOHNSON
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.
No. 95-CA-1027.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1996.
Rehearing Denied May 31, 1996.
Order Amending Opinion on Denial of Rehearing May 31, 1996.
*1162 Matthew J. Ungarino, Ungarino & Eckert, Metairie, for Appellant, State Farm Mutual Insurance Company.
Robert G. Harvey & Associates, Tamara Kluger Jacobson, New Orleans, for Appellees, Steven E. and Joyce Ray Johnson.
Before BOWES and CANNELLA, and CHARLES V. CUSIMANO, II, J. Pro Tem.
CANNELLA, Judge.
Defendants, Anthony Alello (Alello or Auto 3) and State Farm Mutual Automobile Insurance Company (State Farm), appeal from the trial court judgment rendered in favor of plaintiffs, Steven and Joyce Johnson (the Johnsons or Auto 4), for damages they sustained in an automobile accident. For the reasons which follow, we amend the trial court judgment and, as amended, affirm.
This claim arises out of a four car collision that occurred on LaPalco Boulevard in Harvey, Louisiana. An automobile driven by Susan McNett (McNett or Auto 1) suddenly pulled out of a parking lot on the right side of the roadway in front of another automobile driven by Doris Johnson (Auto 2). Auto 2 struck Auto 1 and the two vehicles started skidding to the left on the wet street, into the middle lane of the three lane roadway. Auto 3 was traveling in the middle lane of LaPalco Boulevard, about fifteen to twenty feet from where Auto 1 pulled out of the parking lot. In order to avoid colliding with the two skidding automobiles, Auto 3 changed lanes into the left lane of LaPalco, in front of Auto 4. Unfortunately, the skidding vehicles continued skidding across the middle lane of traffic and into the left lane, in front of Auto 3, and were struck by Auto 3. Thereafter, Auto 4 ran into the rear of Auto 3.
In May of 1994, the Johnsons filed suit against Doris Johnson, her insurer, Government Employees Insurance Company (GEICO), Alello and his insurer, State Farm. Alello and State Farm answered, asserting that the accident was caused and/or contributed to by the Johnsons, and filed a cross-claim against Doris Johnson and GEICO. GEICO answered and filed a reconventional demand against the Johnsons and their insurer, Louisiana Indemnity Company. Doris Johnson and GEICO were thereafter dismissed from the litigation and GEICO dismissed its reconventional demand against the Johnsons. After a bench trial, judgment was rendered against Alello and State Farm for the total amount of the Johnson's damages, $32,203.71, with interest from the date of demand and costs. It is from this judgment that Alello and State Farm now appeal.
On appeal Alello and State Farm assign two errors, one factual and one legal. They argue that the trial court erred in finding Alello negligent and in not apportioning the negligence of all the parties.
The trial court made a factual determination that Alello acted negligently in contributing to the accident in which the Johnsons sustained their injuries. It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the factfinder's findings of fact in the absence of manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring *1163 Co., 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether his conclusion was a reasonable one. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
In the instant case, all parties agreed that Auto 3 was in the middle lane at the time of the initial collision between Autos 1 and 2. He thereupon changed lanes, into the left lane in front of Auto 4. Autos 1 and 2 still hit Auto 3 and Auto 4 then struck Auto 3 in the rear. We cannot say from the record that the trial court was clearly wrong in finding that Alello's actions in changing lanes in front of the Johnsons contributed to their injuries. The Johnsons may have been able to avoid the accident or, in any event, the impact would have been less severe with more room to stop had Alello not changed lanes into the Johnsons' path.
However, as a legal matter, we find merit in Alello's and State Farm's second argument, that the trial court erred in failing to apportion damages among the parties involved. Louisiana has adopted a comparative fault system. La.C.C. arts. 2323 and 2324. Under La.C.C.P. Art. 1917, the trial judge in a non-jury case dealing with delictual damages is to make specific findings concerning the apportionment of fault. Varnado v. Continental Ins. Co., 446 So.2d 1343 (La. App. 1st Cir.1984).
In assigning percentages of fault attributable to each tort-feasor, a court should consider both the nature of each party's conduct and the extent of the relation between that conduct and the damages suffered. Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985). In Watson, the Louisiana Supreme Court indicated which factors should be considered in order to apportion fault:
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
469 So.2d at 974, quoting Uniform Comparative Fault Act, s(b), and Comment (as revised in 1979).
After weighing these factors against the conduct of the respective parties involved in this case, it is clear that McNett was a primary cause of both the accident and the circumstances that ultimately resulted in the Johnsons' injuries. Keeping in mind the trial court finding that Alello was negligent and that the Johnsons were not, we modify the finding of the trial court and find that Alello was 20% at fault in contributing to the Johnsons' injuries and the remaining fault (80%) is assessed against McNett. We affirm the trial court in finding that the Johnsons were not at fault.
The issue of quantum was not raised on appeal and is therefore affirmed.
Accordingly, for the reasons stated above, we amend the trial court judgment to apportion Alello's fault at 20%, McNett's fault at 80% and, as amended, affirm the trial court judgment. Costs of appeal are assessed against Alello and State Farm.
AMENDED AND AFFIRMED.
CHARLES V. CUSIMANO, II, J. Pro Tem., concurs.
CHARLES V. CUSIMANO, Judge Pro Tem., concurring.
I agree with the majority decision insofar as the judgment of the trial court is affirmed. However, I would remand this matter back to the trial judge for the apportionment of fault.