956 So.2d 661 (2007)
Terrell L. ARROYO, Wife of/and Lionel J. Arroyo, Sr.
v.
EAST JEFFERSON GENERAL HOSPITAL, Kenner Regional Medical Center, and Dr. Roland LeBlanc.
No. 06-CA-799.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
*662 Fred L. Herman, Daniel W. Nodurft, Thomas J. Barbera, New Orleans, Louisiana, J. Van Robichaux, Jr., Michael Gorbaty, New Orleans, LA, for Plaintiff/Appellant.
Kurt S. Blankenship, Robert I. Baudouin, Njeri K. Battiste, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Plaintiffs, Terrel L. Arroyo, wife of/and Lionel J. Arroyo, Sr., appeal from the summary judgment granted in favor of one of the Defendants, Kenner Regional Medical Center (Kenner Regional), dismissing all claims against it. For the reasons which follow, we reverse and remand.
According to the Plaintiffs' petition, on January 13, 2001, Lionel Arroyo, Sr. and his wife, Terrell Arroyo, were shopping in the Esplanade Mall in Kenner, Louisiana, when Mr. Arroyo experienced signs and symptoms of a stroke. Mrs. Arroyo asked the ambulance driver to take her husband to a hospital that could render emergency services for a stroke. The emergency technicians brought him to Kenner Regional. When he arrived, Mr. Arroyo exhibited symptoms of blurred vision, slurred speech, and muscle weakness. He was cared for at Kenner Regional by Dr. Roland LeBlanc. Dr. LeBlanc determined Mr. Arroyo experienced a transischemic attack (TIA), commonly known as a stroke.
After approximately five to seven hours, Mr. Arroyo's family had him transferred to Ochsner Hospital. In this suit against Kenner Regional and Dr. LeBlanc, the Plaintiffs contend that, because of their negligence and legal fault in not treating Mr. Arroyo in a timely manner and failing to render emergency medical services in a timely manner, he sustained serious injuries.
Kenner Regional answered the suit and filed a motion for summary judgment. Kenner Regional asserted that there was no evidence that it breached the applicable standard of care in the treatment of Mr. Arroyo. The medical review panel, which *663 convened in this matter to evaluate the claims, unanimously concluded that Kenner Regional did not fail to meet the applicable standard of care. Kenner Regional submitted the review panel findings. Kenner Regional noted that the Plaintiffs had failed to provide expert testimony to contradict the panel findings and, therefore, Kenner Regional was entitled to summary judgment in its favor.
The Plaintiffs subsequently identified an expert, Dr. Harold M. Kurlander, and supplied an affidavit sufficient to defeat the motion. The trial court rendered judgment on July 11, 2005, denying the summary judgment motion.
Kenner Regional then took the deposition of Dr. Kurlander and re-urged its motion for summary judgment. Kenner Regional contended that the deposition was not sufficient to support Plaintiffs' contention that Kenner Regional was liable to them. The Plaintiffs disputed that assertion and opposed the motion. The trial court granted summary judgment in favor of Kenner Regional. It is from this judgment that Plaintiffs appeal.[1]
On appeal, Plaintiffs argue that there are material issues of fact precluding summary judgment and that Kenner Regional is not entitled to judgment as a matter of law.
Kenner Regional argues that Plaintiffs' expert, Dr. Kurlander, had no criticism of Kenner Regional but only of Dr. LeBlanc. Therefore, there are no issues of fact as to Kenner Regional.
Plaintiffs counter that the absence of criticism by Dr. Kurlander of Kenner Regional does not conclude the matter. Kenner Regional had policies and procedures in place, specifically concerning the need for consultations with specialists, which Dr. LeBlanc allegedly did not follow. Plaintiffs argue that Kenner Regional retained responsibility for and control over the emergency room physician, because he was accepted by the hospital, the hospital retained responsibility for billing and maintaining records, and the hospital provided space, supplies, and equipment for the emergency room and attending physicians. Moreover, Kenner Regional held itself out as providing an emergency room that could provide proper care for stroke victims. The thrust of Plaintiffs' argument is that Kenner Regional is liable to Plaintiffs under the doctrine of respondeat superior.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764. Appellate review of summary judgments is de novo, utilizing the same criteria that guide the trial court. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152; Nuccio v. Robert, 99-1327 (La.App. 5th Cir.4/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
A hospital is responsible for the negligence of its employees under the doctrine *664 of respondeat superior. Campbell v. Hospital Service Dist. No. 1, Caldwell Parish, 33,874 (La.App. 2nd Cir. 10/04/00), 768 So.2d 803, writ denied, 00-3153 (La.1/12/01), 781 So.2d 558. Under this theory, the standard of care and burden of proof involved is the same as for the physician whose activities are questioned. Powell v. Fuentes, 34,666 (La.App. 2nd Cir.5/9/01), 786 So.2d 277; Campbell, supra. To prevail in a medical malpractice action against a physician, the plaintiff must establish that the doctor's treatment fell below the ordinary standard of care expected of physicians in his medical specialty, and also that a causal relationship existed between the alleged negligent treatment and the injury sustained. La. R.S. 9:2794; Martin v. East Jefferson Gen. Hosp., 582 So.2d 1272 (La.1991); Smith v. State, Through DHHR, 523 So.2d 815 (La. 1988); Fournet v. Roule-Grahm, 00-1653 (La.App. 5th Cir.3/14/01), 783 So.2d 439, writ denied, 01-0985 (La.6/15/01), 793 So.2d 1242.
Generally, employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed. La. C.C. art. 2320. In contrast, a principal generally is not liable for the negligence of an independent contractor while performing his contractual duties. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). Two exceptions to this general rule exist: (1) where the work is ultra hazardous; and (2) if the principal reserves the right to supervise or control the work of the independent contractor. Villaronga v. Gelpi Partnership Number 3, 536 So.2d 1307, 1310 (La.App. 5th Cir.1988), writ denied, 540 So.2d 327 (La.1989).
Of primary concern is whether the principal retained the right to control the work. The important question is whether, from the nature of the relationship, the right to do so exists, not whether supervision and control was actually exercised. Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972); Mack v. CDI Contractors, Inc., 99-1014 (La.App. 5th Cir.2/29/00), 757 So.2d 93. The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Tower Credit, Inc. v. Carpenter, 01-2875 (La.9/4/02), 825 So.2d 1125.
The existence of an independent contractor agreement is not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital. The courts will inquire as to the real nature of the relationship and the degree of control exercised or ability of control by the hospital over the doctor's activities. Prater v. Porter, 98-1481 (La.App. 3rd Cir.1999), 737 So.2d 102; Suhor v. Medina, 421 So.2d 271 (La.App. 4th Cir.1982). Whether an emergency room physician is an employee or an independent contractor is a factual issue turning on the control exercisable by the hospital over his or her activities. Hastings v. Baton Rouge Gen. Hosp., 498 So.2d 713 (La.1986); Campbell, supra; Suhor, supra. In fact, "[a] hospital's duty and corresponding liability for breach of that duty is in direct proportion to its right to control the medical treatment rendered there." Sibley v. Board of Supervisors of Louisiana State University, 490 So.2d 307, 314 (La.App. 1st Cir.1986).
In a case similar to the instant one, our Brethren on the Third Circuit recently considered the question of whether a hospital is liable for the conduct of its emergency room physician. Arrington v. Galen-Med, Inc., 02-0987 (La.App. 3rd Cir. 2/5/03), 838 So.2d 895. It was acknowledged that the chief argument in favor of the hospital was that it was not responsible *665 for the emergency room physician's conduct, because he was an independent contractor. However, in finding liability on the part of the hospital, the court found that the agreement providing that the emergency room physician was an independent contractor was not dispositive of the case. Rather, the issue turned on the factual determination regarding the degree of control the hospital retained over the physician whether it was exercised or not.
The court in Arrington also cited approvingly the following passage from a Second Circuit case, Campbell v. Hospital Service Dist. No. 1, Caldwell Parish, 33,874 (La.App. 2nd Cir. 10/4/00), 768 So.2d 803, writ denied, 00-3153 (La.1/12/01), 781 So.2d 558:
We find this situation-the providing of emergency services-distinguishable from that of a surgeon or other doctor holding hospital privileges contracting with a patient, where the physician is typically held to be an independent contractor. This is because the patient is seeking treatment through a hospital emergency room with no choice as to treating physician. In fact, other states have long questioned the propriety of permitting hospitals to shield themselves from liability by labeling their emergency room physicians as "independent contractors," imposing liability upon hospitals despite independent contractor relationships erected to shield them from liability. This is because an apparent, or ostensible agency is created by a hospital "holding itself out" as a full service facility and creating the image that its physicians are employees of the hospital, and not independent contractors. . . . "[I]t would therefore be patently unfair to bind the patient to the ramifications of a contract that is neither public knowledge or applicable to all emergency room situations between a physician staffing service and the hospital."
Applying these precepts to the case before us, we find that the trial court erred in granting summary judgment in favor of Kenner Regional. Although the trial court did not provide reasons for judgment, it appears from the record the decision was based on the lack of any testimony from the Plaintiffs' medical expert regarding improper conduct by Kenner Regional. However, we find this does not resolve all material issues of fact. Rather, as found by the Second and Third Circuits, we too find that the hospital can be held liable for the conduct of its emergency room physicians under a respondeat superior legal theory. Medical testimony has no bearing upon this legal basis for potential liability. The fact that the emergency room physician has an agreement with the hospital referring to him as an independent contractor is not dispositive of the matter. The trial court must determine whether there are genuine issues of fact regarding the degree of control possessed by the hospital over the emergency room physician and, if not, whether the hospital is entitled to judgment as a matter of law. Based on the record before us, there remain genuine issues as to material facts precluding judgment as a matter of law in favor of Kenner Regional.
Accordingly, for the foregoing reasons, we reverse the trial court judgment granting summary judgment in favor of Kenner Regional and remand the matter for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] Plaintiffs sought writs from the ruling but the application was denied. The Court found that the Plaintiffs had an adequate remedy by appeal. Arroyo v. Kenner Regional, 06-0400 (La.App. 5th Cir. 6/15/06).