THOMAS F. DALEY, Judge.
|2The plaintiffs, Shirley and Travis Nu-gent, have appealed the trial court’s grant of summary judgment in favor of the defendant, St. Paul Fire and Marine Insurance Company, in this medical malpractice lawsuit. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY:

Plaintiff, Ms. Nugent, had an intrathecal infusion pump inserted for the control of back pain. She sought treatment from the defendant, Dr. Kermit Roux, Jr., for management of her back pain and for approximately three years, she visited Dr. Roux’s office for refilling of the narcotic medication in the pump. On February 15, 2002, she visited Dr. Roux’s office to have the pump refilled. Dr. Roux ordered the narcotic medication, morphine, to refill the pump. The medication was administered by the defendant, Robert Jemison, R.N. According to Dr. Roux’s deposition, a ninety day (90) dosage of the medication was administered into Ms. Nugent’s subcutaneous tissue rather than into the pump.
| ^According to the medical records, shortly after the administration of this medication, Ms. Nugent lost consciousness and stopped breathing. She was administered medication to reverse the effects of the narcotic and taken to the hospital. She was released from the hospital the next day, only to return again due to the effects of the narcotics. Following a second stay in the intensive care unit, Ms. Nugent was released from the hospital.
Ms. Nugent and her husband filed suit against Dr. Roux, Mr. Jemison, and On-Call Nursing Agency and Associates of New Orleans, Inc., hereinafter referred to as On-Call. According to the record, Dr. Roux was a qualified health care provider under R.S. 40:1299.47, while Mr. Jemison and On-Call were not qualified health care providers. As per the requirements of R.S. 40:1299.47, the claim against Dr. Roux was presented to a Medical Review Panel. Following the rendition of an opinion by the Medical Review Panel, plaintiffs amended the district court suit to include allegations against Dr. Roux, and his in *131 surer, St. Paul Fire and Marine Insurance Company, (hereinafter referred to as St. Paul [1]). St. Paul filed a Motion for Summary Judgment that was granted by the trial court. This timely devolutive appeal followed.

LAW AND DISCUSSION:

In its Motion for Summary Judgment, St. Paul submitted the Medical Review Panel opinion stating that Dr. Roux complied with the standard of care required of an anesthesiologist during his treatment of Ms. Nugent. St. Paul contends the burden then shifted to plaintiffs to rebut this opinion. St. Paul argued that according to plaintiffs’ Answers to Interrogatories, plaintiffs did not have an | ¿expert witness and concluded that it should be granted summary judgment since plaintiff failed to identify an expert.
In opposition to the motion, plaintiffs argued that expert testimony is not required to prove the allegations of negligence against Dr. Roux, which include:
(1) the vicarious liability of Dr. Roux for Mr. Jemison’s negligence and fault;
(2) Dr. Roux’s failure to disclose to plaintiff the risks and hazards involved in the procedure of refilling her intrathecal pump;
(3) Dr. Roux’s negligence in selecting Jemison to refill the pump without ascertaining Jemison’s qualifications, experience and training in performing said procedure;
(4) Dr. Roux’s negligence in failing' to provide supervision and instructions to Jemison concerning the correct method and procedure to fill the pump; and
(5) Dr. Roux’s negligence in failing to properly train, supervise, and administrate Jemison in the course and scope of the treatment of Ms. Nu-gent.
In support of this position, plaintiffs attached the deposition of Dr. Roux. In his deposition, Dr. Roux explained that he was refilling morphine pain pumps for Ms. Nu-gent’s neurosurgeon, but when the reimbursement amount from the health insurance companies dropped to the point that it was no longer feasible from a cost standpoint to do this, he “got Mr. Jemison to do it in one of the doctor’s offices next door” to the hospital. Dr. Roux explained that someone whom he could not recall suggested Mr. Jemison. When questioned as to how Mr. Jemison was paid, Dr. Roux responded that Mr. Jemison would submit his bills to the people who did the billing for his practice and Mr. Jemison was paid from the “proceeds of what” the billing company collected from the patient’s insurance company. As to the question of whether Mr. Jemison was his employee, Dr. Roux responded “No, we just contracted ... .with him to fill the pumps,” stating further that there was no written contract.
With respect to plaintiffs’ allegation that Dr. Roux failed to properly supervise Mr. Jemison in the correct procedure for refilling the pump, plaintiffs | Brely on Dr. Roux’s deposition testimony wherein Dr. Roux testified to the procedure for ascertaining that the drug is getting into the pump rather than the subcutaneous tissue. Dr. Roux explained that the procedure is to aspirate the residual medication from the pump before injecting the refill medication. Dr. Roux testified that he did not know whether Mr. Jemison followed this procedure in Ms. Nugent’s case.
With respect to the allegation that Dr. Roux failed to inform her of the risks associated with the refilling of the pump, *132 plaintiffs rely on Ms. Nugent’s affidavit. In this affidavit, Ms. Nugent attests that she “was never informed by anyone, including Dr. Roux, that a direct injection into the subcutaneous tissue is an ‘expected risk’ of the procedure.”
Appellate courts review the trial court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764. A Motion for Summary Judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Garsee v. Bowie, 37,444 (La.App. 2 Cir.8/20/03), 852 So.2d 1156. A genuine issue exists when reasonable persons could disagree. However, if reasonable persons could reach only one conclusion summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the Lease. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
The general rule is that employers are responsible for the damage caused by their employees in the exercise of the functions for which they are employed. La. C.C. art. 2320. However, a principal is generally not vicariously liable for the negligence of an independent contractor. Arroyo v. East Jefferson General Hospital, 06-799 (La.App. 5 Cir. 3/13/07), 956 So.2d 661. Whether or not there is an employer — employee relationship or a principal— independent contractor relationship is a factual determination that must be made on a case by case basis. Id.
Our review of the deposition of Dr. Roux indicates there are material issues of fact as to the relationship between Dr. Roux and Mr. Jemison. In her affidavit, Ms. Nugent attests that she reported to Dr. Roux’s clinic to have her pump refilled and this procedure was performed by Mr. Jemison. While Dr. Roux testified “we just contracted with him [Jemison] to fill the pumps,” we find there is a material issue of fact as to whether the relationship between Dr. Roux and Mr. Jemison was that of employer — employee or principal— independent contractor. Expert medical testimony is not needed to determine this relationship. Id.
In a Motion for Summary Judgment such as this, the general rule is that once the Medical Review Panel opinion is submitted stating that the defendant physician did not breach the standard of care, the burden shifts to plaintiff to show that they have sufficient proof to carry their burden of proof at trial. While we recognize that this generally requires the plaintiff to come forth with its own expert medical opinion, we find plaintiffs have submitted sufficient evidence to create a material issue of fact with respect to the remaining allegations of negligence against Dr. Roux.
17With respect to plaintiffs’ allegations against Dr. Roux regarding his selecting Mr. Jemison to refill the pump without ascertaining Jemison’s qualifications, experience and training and in failing to provide supervision and instructions to Mr. Jemison concerning the correct *133 method and procedure to fill the pump, we find that Dr. Roux’s deposition and Ms. Nugent’s affidavit are sufficient evidence to create a material issue of fact. Dr. Roux testified that someone suggested he use Mr. Jemison to fill the pumps. Dr. Roux made no mention of whether he determined Mr. Jemison’s qualifications, experience or knowledge of the procedure for refilling the pumps. Dr. Roux testified that to ascertain that the drug is getting into the pump, rather than the subcutaneous tissue, one must aspirate the residual medication from the pump before injecting the refill medication. He testified that he did not know whether Mr. Jemison followed this procedure in Ms. Nugent’s case. In her affidavit Ms. Nu-gent attests that in the past the person performing the procedure would always tell her how much medication was withdrawn from the pump prior to injecting the refill and that Mr. Jemison did not tell her anything. She farther attested that she wondered how Mr. Jemison performed the procedure so quickly. While we make no finding as to whether medical testimony is required for plaintiffs to carry their burden of proof at trial with regard to their allegations of negligence against Mr. Jemison, we find the deposition testimony of Dr. Roux and Ms. Nugent’s affidavit sufficient to create a material issue of fact as to whether Dr. Roux was negligent in his selecting Mr. Jemison to refill the pump and in failing to provide supervision and instructions to Mr. Jemison concerning the correct method and procedure to fill the pump.
Likewise, we find the affidavit of plaintiff sufficient to create a material issue of fact as to whether Dr. Roux failed to inform her of the risks associated with the refilling of the pump. Dr. Roux testified that he had no medical records | sregarding the re-filling of Ms. Nugent’s pump. There is no mention in the deposition as to whether the risks of refilling the pump were discussed with Ms. Nugent. Ms. Nugent attests in her affidavit that Dr. Roux never informed her that injections into the subcutaneous tissue was an “expected risk” of the procedure.

CONCLUSION:

For the foregoing reasons, the summary judgment granted in favor of St. Paul is reversed. Judgment is hereby entered denying the Motion for Summary Judgment brought by St. Paul.

REVERSED.

. According to St. Paul, Dr. Roux was never served with the petition and St. Paul has defended the claim under the direct action statute.