MAX N. TOBIAS, JR., Judge.
 

 |,The plaintiffs/appellants, Lois Morgan and Dennis Morgan, ask this court to reverse the summary judgment in favor of the defendant/appellee, COB Enterprises
 
 of
 
 Louisiana,
 
 Inc.
 
 (“COB”). After reviewing the record and applicable law, we find genuine issues of material fact concerning the employment status of truck driver, the defendant, Johnny Bell (“Bell”). There-' fore, we reverse the judgment and remand the matter to the trial court for further proceedings.
 

 COB is a federally-licensed interstate motor carrier, located in Pearl River, Mississippi. COB’s work mostly includes the loading, transportation, and delivery of various grades of sand, gravel, and limestone. COB operates seventeen of its own trucks. Because the volume of business exceeds its own trucking capacity, it hires/leases owner/operated tractor trailer trucks. Bell is one of those outside drivers.
 

 A motor vehicle accident occurred on 23 January 2006, when the tractor trailer driven by Bell struck the vehicle operated by Lois Morgan. The Morgans filed suit against Bell, Bell's dump truck business, and his liability insurer, Scottsdale Insurance Company (“Scottsdale”) on 31 July 2006. On 28 September |?2007, the Morgans added COB as a party defendant, alleging that Bell was COB’s employee at the time of the accident, a fact that COB has denied.
 

 In December 2007, COB filed a motion for summary judgment/exception of prescription, in which it alleged that there was no question but that Bell was an independent contractor; as such, the claim, if any, against it had prescribed. The matter was finally heard by the trial court on 9 October 2009, at which time the court granted the motion, specifically finding that Bell was an independent contractor and the case had prescribed. This timely appeal followed.
 

 The parties disagree as to the standard of review this court should use. The plaintiffs argue that, because the trial court granted the COB’s motion for summary judgment, we must apply a
 
 de novo
 
 review. Conversely, COB contends that the substance of the motion was a peremptory
 
 *853
 
 exception of prescription that would dictate a manifest error-clearly wrong standard of review. We agree that the court below found the case had prescribed. But that finding rested on the court’s determination that Bell was an independent contractor, the subject of the motion for summary judgment. Thus, we perform a
 
 de novo
 
 review of this case.
 
 [1]
 

 In
 
 Tate v. Progressive Sec. Ins. Co.,
 
 05-0398, pp. 6-7 (La.App. 4 Cir. 3/22/06), 929 So.2d 188, 191-92, we performed a
 
 de novo
 
 review of the summary judgment granted by the trial court. We stated therein:
 

 “The distinction between employee and independent contractor status is a factual determination that must be decided on a case-by-case basis, taking into consideration the total economic relationship between the |,^parties and the various factors weighing either in favor of or against an employer-employee relationship.”
 
 Elmore v. Kelly,
 
 39,800, pp. 4-5 (La.App. 2 Cir. 7/29/05), 909 So.2d 36, 38. In contrast, to an independent contractor relationship, “[t]he essence of the employer-employee relationship is the right to control.”
 
 Hillman v. Comm-Care, Inc.,
 
 01-1140, p. 8 (La.1/15/02), 805 So.2d 1157, 1162. The four primary factors evidencing the right to control are: 1) selection and engagement, 2) payment of wages, 3) power of dismissal and 4) power of control.
 
 Id.
 
 “None of these factors alone is determinative of an employer/employee relationship. Rather, the totality of circumstances must be considered.”
 
 Harrington v. Hebert,
 
 00-1548, p. 7 (La.App. 3 Cir. 5/23/01), 789 So.2d 649, 653 (citations omitted).
 
 [2]
 

 The Supreme Court enumerated several factors for courts to consider in determining independent contractor status in
 
 Morrales v. Davis Bros. Construction Co.,
 
 94-0902 p. 8 (La.App. 4 Cir. 12/15/94), 647 So.2d 1302, 1305: 1) whether there is a valid contract between the parties; 2) whether the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; 3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods without being subject to the control and direction of the principal; 4) whether there is a specific price for the overall undertaking; and 5) whether a specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
 

 After examining the record, we found genuine issues of material fact, reversed the judgment granting the summary judgment, and remanded the matter to the trial court for further proceedings.
 

 USimilarly, in the case
 
 sub judice,
 
 we will examine the facts of this case and determine if genuine issues of material fact exist that preclude the granting of the motion for summary judgment.
 
 [3]
 

 
 *854
 
 Bell was deposed twice before the summary judgment was granted. Before being hired, Bell was required to sign a COB hauling agreement; it labeled Bell as an “independent contractor.” He was paid by the ton, did not receive reimbursement of any expenses, did not receive benefits, and had no taxes withheld from his pay. According to the hauling agreement, COB did not have an exclusive arrangement with him and Bell was allowed to choose his own route when making the hauls on his own schedule. Conversely, Bell testified in his deposition that COB had at times designated a specific delivery time and could designate his route. Although COB had never told him what route to take, if it did, he would be compelled to follow COB’s instructions. COB also instructed him where to pick up and deliver each load. At the time of the accident, his truck was empty, but COB had already instructed him to get another load so he was “under dispatch” when the accident occurred.
 

 From 1999 until the summer of 2009, Bell worked solely for COB five days a week. He received no income from any entity other than COB. When asked if COB had a personnel file on him, Bell stated: “I work for them. They got to have a file for me.”
 

 1 Jn the early summer of 2009, Bell was fired by COB, allegedly for not having workers’ compensation insurance, a breach of the hauling agreement. However, Bell believed he was fired because COB had been brought into this lawsuit.
 

 Q. Did COB or anybody else ever tell you or indicate to you that they were firing you because of this accident?
 

 A. The day I got fired I got a phone call from Cindy, which is Clint’s [Bryant, COB representative] sister. I got a call from Clint and Clint and I was ‘[sic] arguing on the telephone, and something was said, and he told me, he says, that’s just like that wreck, you tried to screw me over and put us in that wreck.
 

 Q. That was right after you had been fired?
 

 A. That was after I had been fired.
 

 [[Image here]]
 

 Q. So it was only after you failed to keep up your workman’s comp policy that were no longer retained to do hauls for COB, correct?
 

 A. Correct. But then, if I’m not mistaken, they have someone else that works for COB now that the same thing is going on and one of his drivers sued COB because they didn’t have workman’s comp.
 

 Q. And that even more explains why you would have got fired, correct?
 

 A. That’s why I got fired, yes. But the statement was made, that’s just like you trying to — excuse my french, “f — k” us out of — putting us in the wreck. That’s the exact words that [sic] was told to me on the telephone.
 

 Q. And isn’t it true that you never actually not [sic] fired, he just decided not to use you any longer, correct.
 

 A. Fired. F-I-R-E-D.
 

 [[Image here]]
 

 A. I’ve been working the man for ten years, everyday that he had loads for me, and he told me I was fired, I would no longer haul for COB no more. [Emphasis supplied.]
 

 | r,After reviewing the record,
 
 de novo,
 
 we conclude that the evidence establishes genuine issues of material fact. The trial court was presented with conflicting evidence regarding Bell’s status with
 
 *855
 
 COB.
 
 [4]
 
 When the evidence presented is subject to different interpretations and the trier of fact must weigh contradictory testimony and assess witness credibility on a material fact, summary judgment is not proper.
 
 Tate, supra,
 
 05-0393 at pp. 8-9, 929 So.2d 188 at 193.
 

 For the reasons outlined above, we reverse the granting of summary judgment and remand for further proceedings in conformity with this opinion.
 

 REVERSED AND REMANDED.
 

 ARMSTRONG, C.J., concurs in the result.
 

 [1]
 

 . The court takes notice that COB moved the court for summary judgment and not to sustain the exception.
 

 [2]
 

 . We note that COB has only cited the
 
 second Tate
 
 case which this court reviewed after a trial on the merits whereas the
 
 first Tate
 
 case was remanded to the trial court after finding genuine issues of material fact surrounding the employment status of the tortfeasor.
 
 See Tate v. Progressive Sec. Ins. Co.,
 
 08-0950 (La.App. 4 Cir. 1/28/09), 4 So.3d 915 [the
 
 second Tate
 
 case]. This second case, however, is not applicable because the facts therein had been determined by the court following a trial on the merits; thus, our standard of review following trial was manifest error-clearly wrong and not
 
 de novo.
 

 [3]
 

 .The record also contains an opposition to COB's motion for summary judgment filed by Bell and Scottsdale, arguing that genuine issues of material fact exist regarding Bell's employment status at the time of the accident.
 

 [4]
 

 . Bell himself has argues dial this issue cannot be decided by summary judgment.