MAX N. TOBIAS, JR., Judge.
| ,The claimant, Walter Theodore (“Theodore”), seeks review of a ruling by the Office of Workers’ Compensation, determining that he was an independent contractor at the time of his alleged injury. Specifically, Theodore alleged that he was an employee of the defendant, Krazy Kor-ner, at the time of his work-related injury and entitled to workers’ compensation benefits. For the following reasons, we reverse and remand the ruling of the trial court.
On 4 June 2010, Theodore filed a disputed claim for workers’ compensation benefits, alleging that he was an employee of *573 Krazy Korner.[1] Krazy Korner is a bar located on Bourbon Street in the French Quarter of New Orleans. Theodore began working as a doorman at Krazy Korner in 2008, checking identifications and removing unruly patrons. He alleged that he received an injury in February 2010, during the course and scope of his employment at Krazy Korner when he picked up a patron and removed him from a stage where a band was playing.
Krazy Korner filed a motion for summary | ¡judgment, averring that Theodore was an independent contractor and therefore was not entitled to workers’ compensation benefits under the law. In support of its motion for summary judgment, Kra-zy Korner attached the affidavit of Dale Trosclair (“Trosclair”), manager of Krazy Korner, who asserted that he served as manager of the bar from March 2008 through December 2010. Trosclair stated that his responsibilities included hiring and firing employees, arranging work schedules, and supervising leave. He stated that Theodore was not under the supervision and control of Krazy Korner as Theodore himself determined the manner in which he performed his work. Trosclair averred that Theodore sat on a stool at the entrance and checked identifications and talked with potential customers. He asserted that Theodore was asked occasionally to escort a patron from Krazy Korner, but that that was rare. Further, he asserted that there were no physical requirements for Theodore’s job. Trosclair stated that Theodore was not exclusively employed by Krazy Korner and was free to be employed elsewhere.
Krazy Korner also attached to its motion the affidavit of Corky Irwin (“Irwin”). Irwin stated that he had been employed by Nicholas S. Karno # 1, Inc. for forty years. He asserted that he has been the manager/payroll clerk for the past fifteen years and served in that capacity during the entirety of Theodore’s employment. Irwin stated that Theodore was not entitled to leave time, a pension plan, any type of insurance, or any other type of employee benefit. He further noted that Theodore signed numerous documents attesting to his status as an independent contractor. These documents, and others, were attached as exhibits to Irwin’s affidavit.
Attached to Irwin’s affidavit is an acknowledgment of independent contractor status signed by Theodore wherein Theodore acknowledged that he would receive a Form 1099 for tax purposes and acknowledged that he understood that the company would not pay unemployment or social security contributions on |shis behalf. The document listed several factors that determined independent contractor status:
1. Work and contract is based upon their own time, conditions, dates and fees.
2. Work and contract per each individual job is based upon convenience.
3. Work and contract is based upon the fact that they provide their own insurance.
4. Work and contract on basis that they operate from home or own place of business.
5. Work and contract based upon fact that they make own decisions.
Also attached to Irwin’s affidavit is an Internal Revenue Service (“IRS”) Form W-9 signed by Theodore; an IRS Form 1099-MISC issued to Theodore for the 2010 tax year; and statements of earnings, revealing that Theodore worked between eight hours to thirty-eight hours per week.
In opposition, Theodore submitted his own affidavit. He averred that he was *574 paid an hourly wage and reported to work at Krazy Korner on a schedule mandated by Krazy Korner. Further, he stated that he reported to work Wednesdays through Saturdays, from 7:00 p.m. until closing time and on Sundays from 2:00 p.m. until 8:00 p.m. Theodore stated that Krazy Korner exercised control over the manner in which he performed his job by instructing him in how to perform his job duties. He averred that he was the head of security, in which capacity he noted that his job duties included checking identifications at the entrance to Krazy Korner and escorting unruly patrons from Krazy Korner (which sometimes involved physically restraining and ejecting the unruly patron). Theodore stated that the incident giving rise to his injury occurred when an unruly patron jumped on the stage while |4the band was playing and he had to physically remove the patron from the stage and sustaining an injury in the process.
The workers’ compensation judge issued a judgment on 15 November 2011, granting the motion for summary judgment. This timely devolutive appeal followed.
An appellate courts review a summary judgment de novo. Morgan v. Bell, 10-0278, p. 2 (La.App. 4 Cir. 7/28/10), 44 So.3d 851, 852-853, writ den., 10-2004 (La.11/5/10), 50 So.3d 803. Thus, an appellate court asks the same questions as the trial court in determining whether summary judgment is appropriate: whether a genuine issue of material exists and whether the movant is entitled to judgment as a matter of law. Tate v. Progressive Sec. Ins. Co., 05-0393, p. 3 (La.App. 4 Cir. 3/22/06), 929 So.2d 188,190.
In his only assignment of error, Theodore contends that the determination by the workers’ compensation judge that he was an independent contractor was erroneous.
Workers’ compensation is a remedy between an employer and an employee and that absent such a relationship, there can be no recovery of workers’ compensation benefits for a work-related injury. Hillman v. Comm-Care, Inc., 01-1140, p. 6 (La.1/15/02), 805 So.2d 1157, 1161. Generally, an independent contractor does not qualify for workers’ compensation benefits. This court has noted that “the distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis.” Tate v. Progressive Sec. Ins. Co., 08-0950, p. 2 (La.App. 4 Cir. 1/28/09), 4 So.3d 915, 916, citing Arroyo v. East Jefferson General Hosp., 06-799, p. 6 (La.App. 5 Cir. 3/13/07), 956 So.2d 661.
[fiUnder the Workers’ Compensation Act, an “independent contractor” means:
any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
La. R.S. 23:1021(7).
In support of his argument that he is not an independent contractor, Theodore cites McLeod v. Moore, 44,022, (La.App. 2 Cir. 4/8/09), 7 So.3d 190, where the court noted that the Supreme Court had developed the following factors for determining whether or not an individual is an employee or independent contractor:
(1) there is a valid contract between the parties; (2) the work being done is of an *575 independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
Id., p. 3, 7 So.3d at 192, citing Hickman v. Southern Pac. Transport Co., 262 La. ,102, 262 So.2d 385 (1972). (Krazy Korner likewise relied on the Hickman factors in its brief.)
| (¡This court recently noted that the “essence of the employer-employee relationship is the right to control.” Morgan, 10-0278, p. 3, 44 So.3d at 853, quoting Hill-man, 01-1140, p. 8, 805 So.2d at 1162. The Morgan court noted that the primary factors evidencing the right to control are “1) selection and engagement, 2) payment of wages, 3) power of dismissal and 4) power of control.” Morgan, 10-0278, p. 3, 44 So.3d at 853, quoting Hillman, 01-1140, p. 8, 805 So.2d at 1162. None of the factors alone is determinative. Rather, the court must consider the totality of the circumstances. Id., citing Harrington v. Hebert, 00-1548, p. 7 (La.App. 3 Cir. 5/23/01), 789 So.2d 649, 653.
In Morgan, the plaintiffs filed suit alleging that the vehicle driven by Dennis Morgan was struck by Johnny Bell, an alleged employee of COB Enterprise of Louisiana, Inc. (“COB”). Morgan, 10-0278, p. 1, 44 So.3d at 852. COB, a defendant therein, filed a motion for summary judgment, alleging that Mr. Bell was an independent contractor. Id., p. 2, 44 So.3d at 853. This court noted that
Before being hired, Bell was required to sign a COB hauling agreement; it labeled Bell as an “independent contractor.” He was paid by the ton, did not receive reimbursement of any expenses, did not receive benefits, and had no taxes withheld from his pay. According to the hauling agreement, COB did not have an exclusive arrangement with him and Bell was allowed to choose his own route when making the hauls on his own schedule. Conversely, Bell testified in his deposition that COB had at times designated a specific delivery time and could designate his route. Although COB had never told him what route to take, if it did, he would be compelled to follow COB’s instructions. COB also instructed him where to pick up and deliver each load. At the time of the accident, his truck was empty, but COB had already instructed him to get another load so he was ‘under dispatch’ when the accident occurred.
Id., p. 4, 44 So.3d at 854. We concluded that the trial court was presented with conflicting evidence regarding Bell’s status with COB that was subject to different | interpretations and thus created a genuine issue of material fact precluding summary judgment.
Krazy Korner, in its supporting affidavits, asserted that Theodore, like Mr. Bell in Morgan, signed a contract acknowledging that he was an independent contractor, did not receive any benefits, and did not have taxes withheld. Krazy Kor-ner claimed that Theodore was allowed to work elsewhere and he determined the manner in which his work was performed. However, Theodore testified that he received an hourly wage, he worked a schedule mandated by Krazy Korner, and that like Mr. Bell in Morgan he was subject to *576 termination and in fact was terminated for failing to report to work while recuperating from his work-related injury.
Based upon our de novo review and applying the McLeod v. Moore factors, we find that the evidence regarding Theodore’s status is conflicting. Thus, we find that genuine issues of material fact exist that precludes the granting of the motion for summary judgment.
Accordingly, we reverse the judgment granting the motion for summary judgment filed by Krazy Korner and remand this matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Krazy Korner is owned and operated by Nicholas S. Karno # 1, Inc.