FREDERICKA HOMBERG WICKER, Judge.
| ¡¿Defendants, Ted and Julie Johnson, appeal the trial court’s judgment awarding plaintiff, Juanita Cheramie, $6,756.00 for property damages resulting from the construction of the Johnsons’ camp built adjacent to plaintiffs property. The trial court entered judgment against the Johnsons and dismissed their contractor, David Gas-pard. We find the record supports the trial court’s conclusion that Gaspard relied on the Johnsons’ misrepresentation of the property line during construction, which resulted in the unintentional damage to plaintiffs property, and affirm the trial court’s judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendants, Ted and Julie Johnson, hired defendant-contractor Gaspard to construct a camp in Grande Isle on Lot 9, Square C, Sexton Subdivision (“the property”) on September 23, 2009. Plaintiff owns the adjacent property, Lots 10 and 11, in the same subdivision in Grande Isle.
|3Prior to construction, the Johnsons failed to obtain a recent survey or stake the property to mark its boundaries. Rather, the Johnsons pointed Gaspard to where they believed the property line to be — even with a culvert. Based on the Johnsons’ representation of the property boundaries, Gaspard began construction.
Plaintiff testified that on October 9, 2009, she noticed Gaspard with a tripod and poles working approximately 75 feet onto her side of the property line. Gas-pard used his cell phone to contact Mr. Johnson and inform him of plaintiffs com *679 plaints. Plaintiff and Gaspard both testified that Mr. Johnson did not instruct Gaspard to stop working. Mr. Johnson contradicted that testimony, stating that he immediately told Gaspard to stop working. Days later, on October 12, 2009, plaintiff again noticed Gaspard on her property and again complained to him. Plaintiff testified that Gaspard then told her he was not on her property, based on the Johnsons’ representations, and continued working. On October 15, 2009, plaintiff again saw Gaspard on her property and also noticed that her cesspool had been damaged and that large pieces of concrete from the cesspool had been dragged to the street. Plaintiff testified that she then called Mrs. Johnson, who told her that she had done plaintiff “a favor” by breaking up the cesspool because the local Grand Isle code no longer permits property owners to have cesspools. Subsequently, plaintiff hired a land survey- or to flag or mark her property boundaries. The survey results showed that the property line was not even with the culvert, as the Johnsons had represented to Gaspard; rather, the survey results showed that Gaspard in fact had been delivering materials, operating machinery, and working on plaintiffs side of the property line.
As a result of Gaspard performing work on her side of the property line, plaintiff sustained damages. Plaintiff filed suit on April 21, 2010, against the Johnsons and Gaspard, alleging that: (1) large ruts had been dug into her property | ¿causing the need for replacement dirt and sand to re-level her property; (2) her sewer system or cesspool had been completely demolished; and (3) she incurred the cost of a land survey to identify the accurate property boundaries and show that Gaspard performed work on her side of the property.[1] After a judge trial, the trial court found that Gaspard relied solely on the Johnsons’ misrepresentation of the property line in performing his work and thus dismissed plaintiffs claim against Gaspard. The trial court rendered judgment against the Johnsons, awarding plaintiff $6,756.00 in damages.[2] Defendants, Mr. and Mrs. Johnson, appeal that judgment.

DISCUSSION

On appeal, defendants claim that plaintiff failed to prove that they caused the alleged property damages. Defendants assert that Gaspard, as an independent contractor, and/or his subcontractors, caused the resulting damages to plaintiffs property and that defendants cannot be held liable for Gaspard’s actions.
As a general rule, a principal is not liable for the negligence of an independent contractor while performing his contractual duties. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972). Two exceptions to this general rule exist: (1) where the work is ultra hazardous[3]; and (2) if the principal *680 reserves the right to supervise or control the work of the independent contractor. Arroyo v. R. Jefferson Gen. Hosp., 06-799 (La.App. 5 Cir. 3/13/07), 956 So.2d 661, 664, writ denied, 07-0784 (La.6/1/07), 957 So.2d 179.
At trial, the parties presented substantial evidence and testimony to prove lfithat the Johnsons supervised or controlled Gaspard’s work in constructing the camp as it relates to the location or property on which the Johnsons instructed him to build. The trial judge remarked that the building contract did not contain a municipal address or property description and that Gaspard relied solely on the Johnsons’ instructions as to the location of construction. Because the pivotal issue in this case turns on where Gaspard performed his work, we find that the John-sons supervised and controlled that aspect of Gaspard’s work, ie., the location of the construction; therefore, we find the John-sons can be held liable for Gaspard’s actions if plaintiff successfully proved that Gaspard’s actions caused plaintiffs damages in accordance with La. C.C. art. 2315.[4]
In this appeal, defendants challenge plaintiffs claim for damages, asserting that the repairs made were unnecessary or not caused by the construction at issue. We discuss each item of damages separately:

Cost of Dirt/Sand to Level Ruts in Land

At trial, the parties introduced into evidence photographs of plaintiffs property. These photographs reflect large ruts on plaintiffs land, where water accumulated when it rained. Plaintiff testified that those ruts were not present prior to the Johnsons’ construction. Gaspard further confirmed that either he, his employees, or others that he hired, “tore up” plaintiffs grass with large machinery and caused ruts on her property. Gaspard again testified that he was unaware at that time that he had been working on plaintiffs side of the property line.
Plaintiff produced the testimony of David Michel, owner of Michel Construction, LLC. Mr. Michel testified that plaintiff hired him following | (¡Hurricane Katrina to spread dirt and raise her property to a level 18 inches high. Mr. Michel testified that, in late 2009, plaintiff again hired him to spread additional dirt and sand to re-level the property following construction on the adjacent property. Plaintiff introduced into evidence an invoice from Mr. Michel, reflecting that she paid him $3,181.00 to purchase and spread dirt and sand on her property in December of 2009.
Based on the evidence and testimony presented, which clearly reflects that plaintiff sustained ruts on her land due to the Johnsons’ misrepresentations to Gas-pard of the property line, we find plaintiff satisfactorily proved damages for the loads of dirt and sand necessary to re-level her property to the same height as prior to the Johnsons’ construction project.

Damage to Cesspool

The evidence at trial reflects that, during construction, Gaspard demolished and covered up a cesspool or sewerage *681 treatment plant located on plaintiffs property. Plaintiff testified that on October 15, 2009, she noticed that large pieces of concrete from her cesspool had been removed and placed out on the street. At trial, Gaspard confirmed that he had in fact demolished the cesspool but that he did so pursuant to the Johnsons’ instructions.
Plaintiff testified that the cesspool was still in good working condition and that family members and other visitors would occasionally come to her property for the weekend to visit and would hook up campers to the cesspool. Plaintiff testified that she did not intend to demolish the cesspool and did in fact use it occasionally. Plaintiff presented an invoice from LeBlanc Sewerage and Plumbing in the amount of $3,000.00 that she paid to have a new sewer treatment plant installed. She testified that, following Hurricane Katrina, the Grade Isle building |7codes no longer permit the installation of cesspools and only permit the installation of a sewer treatment plant.
Based upon the testimony and evidence indicating that Gaspard demolished plaintiffs cesspool pursuant to the Johnsons’ instructions during construction, we find no error in the trial court’s judgment awarding plaintiff damages for the installation of a new sewer treatment plant on her property.

Land Survey

Plaintiff hired Mr. Charles McDonald, a land surveyor, to perform a survey of her property and to stake or mark the property boundaries to prove that Gas-pard had in fact been working on her side of the property line. Mr. McDonald testified that he performed a land survey of plaintiffs property, which revealed that the property line was in fact not even with the culvert as represented by the John-sons.
Defendants complain that plaintiffs survey was unnecessary because prior to plaintiff hiring Mr. McDonald, he had in fact already performed a survey and staked or marked the property line for the Johnsons. Therefore, defendants argue that plaintiff unnecessarily incurred the $575.00 cost for the survey of her property-
The Johnsons introduced the land survey into evidence, which indicates that Mr. McDonald conducted a survey on September 20, 2009, prior to the alleged date of trespass or beginning of construction. However, Gaspard, the Johnsons, and plaintiff all testified that the property had not been staked or marked off in October of 2009 when construction began. Further, Mr. McDonald could not testify as to the date on which the survey was contracted or performed with certainty, thus leaving the possibility of a typographical or office error.
The trial judge clearly accepted the overwhelming testimony that the property had not been staked or marked prior to the beginning of construction. |sOn appellate review, the reviewing court may not set aside the factfinder’s findings of fact in the absence of manifest error or unless they are clearly wrong. Johnson v. State Farm Mut. Auto. Ins. Co., 95-1027 (La.App. 5 Cir. 5/15/96), 675 So.2d 1161, 1162-63. The issue to be resolved by the reviewing court is not whether the factfin-der was right or wrong, but whether his conclusion was a reasonable one. Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
Based upon the overwhelming testimony that the property had not yet been staked or marked off in October of 2009, the trial court found plaintiffs decision to hire Mr. McDonald to perform a survey of her property appropriate under the circum *682 stances. We find the trial court did not err in awarding $575.00 to plaintiff for the cost to survey her property to show that Gaspard in fact had been working on her side of the property line. Therefore, defendants’ argument that plaintiff failed to meet her burden to prove the damages sustained as a result of the Johnsons’ construction project is without merit.
Defendants further assign as error the trial court’s allocation of fault, claiming that the trial court erred in not assigning a particular percentage of fault to Gaspard or Mr. and Mrs. Johnson individually pursuant to La. C.C.P. art.1917.[5] |3The judgment at issue clearly dismisses plaintiffs claim against Gaspard; therefore, the trial court found Gaspard not liable and assigned him 0% fault. The remaining defendants, Mr. and Mrs. Johnson, are married. We find the judgment rendered against them is a community obligation[6] that may be satisfied from the matrimonial community. Although the record reflects that Mrs. Johnson solely owns the property at issue, all testimony and evidence indicates that Mr. and Mrs. Johnson jointly hired Gaspard to construct a camp on the property and the construction contract thus is a community obligation. Further, all evidence indicates that the Johnsons constructed the camp together for the benefit of the community. The testimony presented at trial shows that both Mr. and Mrs. Johnson pointed Gaspard to the inaccurate property line and instructed him to continue construction on land later determined to be plaintiffs property.
*683 Accordingly, the judgment at issue against the Johnsons, arising out of damages caused incident to their community obligation — the contract with Gaspard — is a community debt or obligation to be satisfied with community funds.[7] This assignment is without merit.
Defendants further assign as error the trial court’s denial of its motion for summary judgment prior to trial. Because we find plaintiff presented sufficient |inevidence to prevail at trial, we find the trial court did not err in denying defendants’ motion for summary judgment.[8]

CONCLUSION

Accordingly, for the reasons provided herein, the judgment of the trial court is affirmed.

AFFIRMED

.In her petition, plaintiff also alleged that a water line had been broken by large machinery during the construction; that water line was repaired and plaintiff did not introduce any evidence at trial to claim the broken water line as an item of damages. Plaintiff further alleged in her petition unspecified emotional damages, which the trial court did not award. Plaintiff has not appealed the trial court's judgment and thus those issues are not before this Court.

. The trial court identified the damages as follows: $575.00 for the land survey performed; $1,046.00 for two loads of dirt; $910.00 for two loads of sand; $1,225.00 for labor to spread and level the two loads of dirt and two loads of sand; and $3,000.00 for the replacement of a new sewer system.

. The parties stipulate that this exception does not apply to the facts of this case.

. Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case. Under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff’s injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff’s injuries; and (5) actual damages. Christy v. McCalla, 11-0366 (La. 12/6/11), 79 So.3d 293, 299.

. La. C.C.P. art. 1917(B) provides:
In nonjury cases to recover damages for injury, death, or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment.
La. C.C.P. art. 1812(C) provides:
In cases to recover damages for injury, death, or loss, the court at the request of any party shall submit to the jury special written questions inquiring as to:
(1) Whether a party from whom damages are claimed, or the person for whom such party is legally responsible, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(2)(a) If appropriate under the facts adduced at trial, whether another party or nonparty, other than the person suffering injury, death, or loss, was at fault, and, if so:
(i) Whether such fault was a legal cause of the damages, and, if so:
(ii) The degree of such fault, expressed in percentage.
(b) For purposes of this Paragraph, nonparty means a person alleged by any party to be at fault, including but not limited to:
(i) A person who has obtained a release from liability from the person suffering injury, death, or loss.
(ii) A person who exists but whose identity is unknown.
(iii) A person who may be immune from suit because of immunity granted by statute.
(3) If appropriate, whether there was negligence attributable to any party claiming damages, and, if so:
(a) Whether such negligence was a legal cause of the damages, and, if so:
(b) The degree of such negligence, expressed in percentage.
(4) The total amount of special damages and the total amount of general damages sustained as a result of the injury, death, or loss, expressed in dollars, and, if appropriate, the total amount of exemplary damages to be awarded.

. La. C.C. art. 2360 provides:
An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation. See also Manno v. Manno, 01-2138 (La.App. 1 Cir. 10/2/02), 835 So.2d 649, 651-52.

. La. C.C. art. 2345 provides that ‘‘[a] separate or community obligation may be satisfied during the community property regime from community property ...”

. See Hopkins v. American Cyanamid Company, et al., 95-1088 (La. 1/16/96), 666 So.2d 615 (instructing that the appellate court, on review of the denial of a motion for summary judgment following a full trial on the merits, should consider all evidence presented at trial — not just evidence presented at the summary judgment level.)