| MICHAEL E. DURONSLET | * | NO. 2022-CA-0019 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| WAL-MART STORES, INC. AND MARLIN N. GUSMAN, SHERIFF FOR PARISH OF ORLEANS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

RLB

**BELSOME, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's opinion. In particular, I find there are genuine issues of material fact as to whether Plaintiff, Michael Duronslet, was an independent contractor or employee of Wal-Mart Stores, Inc. Accordingly, I would reverse the trial court's partial summary judgment, which dismissed the claims against Wal-Mart.

Generally, a principal is not liable for the offenses committed by an independent contractor while performing its contractual duties. *Thompson v. Winn-Dixie Montgomery, Inc.*, 15-0477, p. 12 (La. 10/14/15), 181 So.3d 656, 665 (citations omitted). Two exceptions to this general rule exist: where the work is ultra-hazardous; or if the principal reserves the right to supervise or control the work of the independent contractor. *Id.*

This court has noted that "the distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis*." Tate v. Progressive Sec. Ins. Co.*, 08-0950, p. 2 (La. App. 4 Cir. 1/28/09), 4 So.3d 915, 916 (citing *Arroyo v. East Jefferson General Hosp.*, 06-799, p. 6 (La. App. 5 Cir. 3/13/07), 956 So.2d 661). The Louisiana Supreme Court has developed the following factors to help determine whether an individual is an employee or an independent contractor:

1

> (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.

*Hickman v. Southern Pacific Transport Co.*, 262 La. 102, 262 So.2d 385 (1972).

The "essence of the employer-employee relationship is the right to control." *Hillman v. Comm-Care, Inc.*, 01-1140, p. 8 (La. 1/15/02), 805 So.2d 1157, 1162. The primary factors evidencing the right to control are "1) selection and engagement, 2) payment of wages, 3) power of dismissal and 4) power of control." *Id.* None of the factors alone is determinative. Rather, the court must consider the totality of the circumstances. *See Theodore v. Krazy Korner*, 12-0173, p. 6 (La. App. 4 Cir. 5/23/12), 95 So.3d 572, 574-575.

Plaintiff's affidavit sets forth the following facts. On the day of the incident, Plaintiff had a question after receiving his prescription at the pharmacy. The pharmacist ignored him because they were closing. He asked for the manager when, instead, a Sheriff's Deputy approached. The Deputy, who was working a private detail for U.S. Security Services, Inc., proceeded to throw Plaintiff on the floor, dug his knee into Plaintiff's back, and handcuffed him. Plaintiff was then taken to a private room, wherein the Deputy presented him with a Notification of Restriction from the property. While in the presence of the Deputy and other Wal-Mart employees, Plaintiff was forced to sign the form under threat of arrest.

It is undisputed that the Deputy was working a security detail. While the contract between Wal-Mart and U.S. Security Services states that they are independent contractors, the contract reserves Wal-Mart's right to general

2

inspection and supervision. The determination as to the level of supervision and control Wal-Mart maintained over the Deputy is a material question of fact.

Further, though the contract states: "Neither [U.S. Security Associates, Inc.] nor any of its employees or agents may be considered Wal-Mart's agents or employees for any purpose and have no authority to act or purport to act on Wal-Mart's behalf[,]" Plaintiff disputes this fact. Specifically, Plaintiff's affidavit states that the Deputy presented and forced Plaintiff to sign a Wal-Mart form, in the presence of other Wal-Mart employees. This suggests Wal-Mart was directing the manner in which the Deputy performed his job duties and/or authorizing the Deputy to act on its behalf. Thus, there are genuine issues of material fact as to the level of control Wal-Mart exercised over the Deputy, and/or whether the Deputy had actual or apparent authority to act on behalf of Wal-Mart.

Given that there are unresolved issues of material fact that preclude partial summary judgment, I would reverse the trial court. For these reasons, I respectfully dissent.